DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Eli J. Vonnegut, Esq.
Joanna McDonald, Esq.

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 15** |
| **ODN I Perfurações Ltda.,** *et al.*,[1] | **Case No. 23-10557 (DSJ)** |
| **Debtors in a Foreign Proceeding** | **(Jointly Administered)** |

### NOTICE OF PRESENTMENT OF ORDER CLOSING CHAPTER 15 CASES AND OPPORTUNITY FOR HEARING

**PLEASE TAKE NOTICE** that upon the annexed *Final Report of the Foreign Representative and Presentment of Order Closing Chapter 15 Cases* (the "Final Report and Presentment of Order") of Rogerio Luis Murat Ibrahim, in his capacity as authorized foreign representative (in such capacity, the "Foreign Representative") of ODN I Perfurações and its affiliated debtors, Norbe VIII/IX, Norbe Eight, Norbe Nine, OODFL, ODN I, Norbe Six, and Tay IV (each as defined below) in the 4th Business Court of the Judicial District of Rio de Janeiro, Brazil, the undersigned will present the proposed order attached as **Exhibit A** to the Final Report and Presentment of Order (the "Proposed Order") to the Honorable David S. Jones, United States Bankruptcy Judge for the Southern District of New York (the "Court"), for signature on **September 18, 2023, at 12:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Proposed Order is filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 (a copy of which may be viewed on this Court's website at www.nysb.uscourts.gov) and the Court's

---

[1] The debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with each debtor's tax identification or corporate registry number, are: ODN I Perfurações Ltda. (CNPJ/ME No. 11.165.868/0001-68) ("ODN I Perfurações"), Odebrecht Drilling Norbe VIII/IX Ltd. (No. MC 245888) ("Norbe VIII/IX"), Odebrecht Drilling Norbe Eight GmbH (No. FN 34216i) ("Norbe Eight"), Odebrecht Drilling Norbe Nine GmbH (No. FN 342214g) ("Norbe Nine"), Odebrecht Offshore Drilling Finance Limited (No. MC 277889) ("OODFL"), ODN I GmbH (No. FN 321008x) ("ODN I"), Odebrecht Drilling Norbe Six GmbH (No. FN 347728s) ("Norbe Six"), and ODN Tay IV GmbH (No. FN 353359x) ("Tay IV").

procedures for the filing, signing, and verification of documents by electronic means, and served upon the Foreign Representative's counsel, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut and Joanna McDonald), so as to be **received** by **4:00 p.m. (prevailing Eastern Time) on September 13, 2023**, with a hard copy served upon the Chambers of the Honorable David S. Jones, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-14108¸ there will not be a Hearing (as defined below) to consider the Proposed Order, and such Proposed Order may be signed and entered by the Court without further notice.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Proposed Order, a hearing (the "<u>Hearing</u>") will be held to consider the Proposed Order before the Honorable David S. Jones, United States Bankruptcy Judge for the Southern District of New York, on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that the Hearing (if any) will be conducted through Zoom for Government videoconference.  Parties wishing to participate in the Hearing would be required to register their eCourt Appearance by 4:00 p.m. (prevailing Eastern Time) the day before the Hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

**PLEASE TAKE FURTHER NOTICE** that any Hearing may be adjourned from time to time without further notice except for an in-court announcement at the Hearing or a filing on the docket of this case of the date and time to which the Hearing has been adjourned, and a failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Final Report and Presentment of Order is also available on the Court's Electronic Case Filing System, which can be accessed from the Court's website at http://ecfnysb.uscourts.gov (a PACER login and password are required), or free of charge by visiting the Information Agent's website at https://dm.epiq11.com/case/ocyan/info.

*[Remainder of page intentionally left blank]*

Dated:          August 17, 2023
                New York, New York

                                        */s/    Eli J. Vonnegut*
                                        DAVIS POLK & WARDWELL LLP
                                        450 Lexington Avenue
                                        New York, New York 10017
                                        Telephone: (212) 450-4000
                                        Facsimile: (212) 701-5800
                                        Eli J. Vonnegut, Esq.
                                        Joanna McDonald, Esq.

                                        *Counsel to the Foreign Representative*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Eli J. Vonnegut, Esq.
Joanna McDonald, Esq.

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 15** |
| **ODN I Perfurações Ltda., *et al.*,**[1] | **Case No. 23-10557 (DSJ)** |
| **Debtors in a Foreign Proceeding** | **(Jointly Administered)** |

**FINAL REPORT OF THE FOREIGN REPRESENTATIVE AND**
**PRESENTMENT OF ORDER CLOSING CHAPTER 15 CASES**

Rogerio Luis Murat Ibrahim, in his capacity as the authorized foreign representative

(the "Foreign Representative") in respect of the *recuperação extrajudicial* proceeding (the

"Brazilian EJ Proceeding") of ODN I Perfurações and its affiliated debtors, Norbe VIII/IX,

Norbe Eight, Norbe Nine, OODFL, ODN I, Norbe Six, and Tay IV (as defined below)

(collectively, the "Debtors") in the 4th Business Court of the Judicial District of Rio de

Janeiro, Brazil (the "Brazilian Court") pursuant to Federal Law No. 11,101 of February 9,

2005 (as amended from time to time, the "Brazilian Bankruptcy Law"), of the laws of the

Federative Republic of Brazil ("Brazil"), hereby submits through counsel (i) this *Final*

---

[1] The debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with each debtor's tax identification or corporate registry number, are: ODN I Perfurações Ltda. (CNPJ/ME No. 11.165.868/0001-68) ("ODN I Perfurações"), Odebrecht Drilling Norbe VIII/IX Ltd. (No. MC 245888) ("Norbe VIII/IX"), Odebrecht Drilling Norbe Eight GmbH (No. FN 34216i) ("Norbe Eight"), Odebrecht Drilling Norbe Nine GmbH (No. FN 342214g) ("Norbe Nine"), Odebrecht Offshore Drilling Finance Limited (No. MC 277889) ("OODFL"), ODN I GmbH (No. FN 321008x) ("ODN I"), Odebrecht Drilling Norbe Six GmbH (No. FN 347728s) ("Norbe Six"), and ODN Tay IV GmbH (No. FN 353359x) ("Tay IV").

*Report of the Foreign Representative and Presentment of Order Closing Chapter 15 Cases* (this "<u>Final Report</u>")[2] with respect to the Chapter 15 Cases and (ii) a proposed order, attached hereto as <u>Exhibit A</u> to this Final Report (the "<u>Proposed Order</u>"), closing the Chapter 15 Cases pursuant to sections 350(a) and 1517(d) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 5009(c) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 5009-2(a) of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>").  The Foreign Representative respectfully represents as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction over this matter pursuant to sections 157 and 1334 of title 28 of the United States Code, section 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference* dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.).  This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(P). Venue is proper under 28 U.S.C. § 1410.

2.      The statutory predicates for the relief requested are sections 105(a), 1504, 1507, 1515, 1517, 1520, and 1521 of the Bankruptcy Code.  The Foreign Representative properly commenced this case pursuant to sections 1504 and 1509 of the Bankruptcy Code by filing a motion for recognition of the Brazilian EJ Proceedings under section 1515 of the Bankruptcy Code.

---

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion for Recognition, as defined below.

## FINAL REPORT

3.　　　As described in greater detail in the *Motion for (I) Recognition of Foreign Proceeding, (II) Recognition of Foreign Representative, (III) Recognition of Brazilian Confirmation Order and Related EJ Plan, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* [ECF No. 4] (the "<u>Motion for Recognition</u>"), on April 11, 2023, these Chapter 15 Cases were commenced to seek, among other things: (i) recognition of the Brazilian EJ Proceeding pursuant to section 1517 of the Bankruptcy Code as a "foreign main proceeding" (as defined in section 1502(4) of the Bankruptcy Code) of the Debtors, and all relief included therewith as provided in section 1520 of the Bankruptcy Code and related relief under sections 1521(a); and ultimately (ii) recognition and enforcement of the Debtors' extrajudicial plan of reorganization (as supplemented, amended, and modified and including the exhibits attached thereto, the "<u>EJ Plan</u>") in the United States and giving full force and effect, and granting comity in the United States, to the order (the "<u>Brazilian Confirmation Order</u>") entered by the Brazilian Court confirming the EJ Plan.

4.　　　On March 20, 2023, the Brazilian Court entered the Brazilian Confirmation Order.

5.　　　On May 4, 2023, this Court entered the *Order Granting (I) Recognition of Foreign Proceeding, (II) Recognition of Foreign Representative, (III) Full Force and Effect in the United States to the Brazilian EJ Plan and Confirmation Order, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "<u>Recognition Order</u>") [ECF No. 24].

6.　　　On June 7, 2023, the Closing Date (as defined in the EJ Plan) occurred, and the restructuring contemplated by the EJ Plan was consummated.

7.     The appeal period under Brazilian Law with respect to the Brazilian Confirmation Order has expired.

8.     Other than this Final Report, no other matters remain in the Chapter 15 Cases that relate to the Brazilian EJ Proceeding or relief sought in this proceeding. Accordingly, the Foreign Representative's appearance in Bankruptcy Court with respect to the Chapter 15 Proceedings is complete, subject to the case being reopened pursuant to FRBP 5010 and Local Rule 5009-2(b), if applicable

## RELIEF REQUESTED

9.     With the entry of the Recognition Order by this Court, the occurrence of the Closing Date, and the expiration of the appeal period under Brazilian Law, the Foreign Representative has determined that there is no longer a reason for the Chapter 15 Cases to remain open.  Accordingly, the Foreign Representative respectfully requests that this Court enter the Proposed Order closing the Chapter 15 Cases.

## BASIS FOR RELIEF

10.     Section 1517(d) of the Bankruptcy Code provides that "[a] case under this chapter [15] may be closed in the manner prescribed under section 350," which provides that a case may be closed "[a]fter an estate is fully administered."  Although a chapter 15 case has no "estate" per se, see *In re Fairfield Sentry Ltd.*, 458 B.R. 665, 683 (S.D.N.Y. 2011), a party may apply for an order closing a bankruptcy case after substantially all issues have been resolved and the plan substantially consummated.  *See In re A.H. Robins Co.*, 219 B.R. 145 (10th Cir. 1998).

11.     If no objection to a final report is filed, the estate is presumed to have been fully administered and the case may be closed.  Fed. R. Bankr. P. 5009(c); *In re Ginsberg*, 164 B.R. 870, 873 (Bankr. S.D.N.Y. 1994).  Thus, the intended meaning of section 1517(d)

4

and Rule 5009(c) is clear: once a chapter 15 case is inactive and the purpose of the foreign

representative's appearance complete, the case may be closed.

12.    Here, there are no outstanding matters in the Chapter 15 Cases relevant to

the Brazilian EJ Proceeding or relief sought in this proceeding. The Recognition Order has

provided the relief that the Debtors required in order to consummate the EJ Plan, and the

Closing Date has occurred.

13.    Further, Bankruptcy Rule 5009(c) requires that a foreign representative:

> file a final report when the purpose of the representative's
> appearance in the court is completed. The report shall
> describe the nature and results of the representative's
> activities in the court. The foreign representative shall
> transmit the report to the United States trustee, and give
> notice of its filing to the debtor, all persons or bodies
> authorized to administer foreign proceedings of the debtor,
> all parties to litigation pending in the United States in which
> the debtor was a party at the time of the filing of the petition,
> and such other entities as the court may direct. The foreign
> representative shall file a certificate with the court that notice
> has been given. If no objection has been filed by the United
> States trustee or a party in interest within 30 days after the
> certificate is filed, there shall be a presumption that the case
> has been fully administered.

Fed. R. Bankr. P. 5009(c).

14.    In accordance with Bankruptcy Rule 5009(c), this Final Report describes

the Foreign Representative's activities in these Chapter 15 Cases.  This Final Report will

be promptly served on the parties in interest described in Bankruptcy Rule 5009(c),

including the Office of the United States Trustee for Region 2 (the "U.S. Trustee").

15.    The Foreign Representative expects no objection from the U.S. Trustee or

any other true party in interest within the 30-day period mandated by Bankruptcy Rule

5009(c).  If no objection is filed, Bankruptcy Rule 5009(c) will create a presumption that

the Chapter 15 Cases have been fully administered.  Even in the unlikely event that an

objection is filed, the Foreign Representative submits that the facts set forth in this Final Report will demonstrate, upon notice and a hearing under Local Rule 5009-2, that the Chapter 15 Cases have been fully administered.

## NOTICE

16.    The Foreign Representative will provide notice of this Final Report to (a) the Debtors; (b) the Office of the U.S. Trustee; and (c) the Notice Parties (as defined in the *Motion Pursuant to Fed. R. Bankr. 2002 and 9007 Requesting Entry of Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice*) [ECF No. 8], and file a certificate of such service promptly thereafter. The Foreign Representative submits that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

## NO PREVIOUS REQUEST

17.    No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

18.    For the reasons set forth above, the Foreign Representative respectfully requests that the Court enter the Proposed Order, substantially in the form annexed hereto as Exhibit A, closing the Chapter 15 Cases.

*[Remainder of page intentionally left blank]*

Dated:          August 17, 2023
                New York, New York

                              */s/ Eli J. Vonnegut*
                              DAVIS POLK & WARDWELL LLP
                              450 Lexington Avenue
                              New York, New York 10017
                              Telephone: (212) 450-4000
                              Facsimile: (212) 701-5800
                              Eli J. Vonnegut, Esq.
                              Joanna McDonald, Esq.

                              *Counsel to the Foreign Representative*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 15** |
| **ODN I Perfurações Ltda., *et al*.,**[1] | **Case No. 23-10557 (DSJ)** |
| **Debtors in a Foreign Proceeding** | **(Jointly Administered)** |

<u>**ORDER CLOSING CHAPTER 15 CASES**</u>

Upon consideration of the *Final Report of the Foreign Representative and Presentment of Order Closing Chapter 15 Cases* (the "<u>Final Report</u>")[2] and due and sufficient notice of the Final Report having been given; and no objections or responses to the Final Report having been filed; and it appearing that the relief requested in the Final Report is in the best interests of the Debtors and other parties in interest in the Chapter 15 Cases; and after due deliberation and sufficient cause appearing therefor,

**THIS COURT FINDS AND CONCLUDES THAT:**

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334 and section 1501 of the Bankruptcy Code.

B.      This is a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

C.      Venue is proper pursuant to 28 U.S.C. § 1410.

D.      The Closing Date occurred on June 7, 2023.

---

[1]  The debtors in these chapter 15 cases (the "<u>Chapter 15 Cases</u>"), along with each debtor's tax identification or corporate registry number, are: ODN I Perfurações Ltda. (CNPJ/ME No. 11.165.868/0001-68) ("<u>ODN I Perfurações</u>"), Odebrecht Drilling Norbe VIII/IX Ltd. (No. MC 245888) ("<u>Norbe VIII/IX</u>"), Odebrecht Drilling Norbe Eight GmbH (No. FN 34216i) ("<u>Norbe Eight</u>"), Odebrecht Drilling Norbe Nine GmbH (No. FN 342214g) ("<u>Norbe Nine</u>"), Odebrecht Offshore Drilling Finance Limited (No. MC 277889) ("<u>OODFL</u>"), ODN I GmbH (No. FN 321008x) ("<u>ODN I</u>"), Odebrecht Drilling Norbe Six GmbH (No. FN 347728s) ("<u>Norbe Six</u>"), and ODN Tay IV GmbH (No. FN 353359x) ("<u>Tay IV</u>").
[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Final Report.

1

E.      Appropriate notice of the Final Report was given, which notice is adequate for all purposes, and no other or further notice need be given.

F.      Thirty (30) days have passed since the Foreign Representative filed a certificate of service in respect of the Final Report, and no objections have been filed.

G.      The Chapter 15 Cases have been fully administered.

**IT IS HEREBY ORDERED THAT:**

1.      The Chapter 15 Cases are closed pursuant to sections 350 and 1517(d) of the Bankruptcy Code, without prejudice to reopening pursuant to section 350.  The Office of the Clerk of the Court is respectfully directed to close the above-captioned cases.

2.      All orders entered by this Court in the Chapter 15 Cases, including the Recognition Order, shall survive entry of this Order.

3.      This Court shall retain jurisdiction with respect to the effect, enforcement, amendment, or modification of this order, the Recognition Order and any other request for additional relief in or related to the Chapter 15 Cases.


Dated:    New York, New York
          _____, 2023

                                    _____
                                    Honorable David S. Jones
                                    United States Bankruptcy Judge